ELIZABETH FLYER and YETTA KRAMER, Respondents, v. ELMS REALTY CO., INC., and Others, Defendants, and ALFRED GROSS and HARRY SIRKIN, Appellants. — In a foreclosure action, the plaintiffs entered judgment on July 21, 1933, a little more than a month before the enactment of section 1083-a of the Civil Practice Act. On appeal to this court, the judgment was modified as to one of the defendants, a guarantor, and as so modified affirmed. On appeal to the Court of Appeals by the plaintiffs and one of the defendants, the judgment of the Appellate Division was affirmed.* The property was sold on July 22, 1935, to one of the plaintiffs, and the referee to sell later reported that there was a deficiency of $14,951.81. The plaintiffs moved on September 11, 1935, for confirmation of the report of the referee appointed to sell and for the entry of deficiency judgments, annexing affidavits of value of the property pursuant to section 1083-a. The matter was referred to an official referee to take proof and report as to the deficiency judgment to be entered against certain defendants. The parties appeared before the official referee and offered their proof of the market value of the property. The official referee reported that the gross amount of the claim of the plaintiffs was $15,051.81, and that the reasonable market value of the premises on the date of sale or the nearest date on which it had a reasonable market value was $14,650, and on that basis the question of deficiency should be computed. The plaintiffs moved to confirm this report. Before their motion was decided they asked leave to withdraw that motion and to have their earlier motion for a deficiency judgment granted on the basis of the deficiency found in the report of the referee to sell. Their motion was granted and the order directed a judgment for the full deficiency existing under the judgment as modified. It appears in the record that there was a first mortgage of $12,500 superior in its lien to that of the plaintiffs. It is not clear whether the official referee considered this mortgage in fixing the value of the property; and there is no proof of the amount due on that mortgage. Those facts would affect the respective rights of the parties, for if in the property now acquired by plaintiffs there is an equity worth more than $14,000, then it would be inequitable for the plaintiffs to have both the property and a large deficiency judgment. The plaintiffs by bringing this proceeding have conferred upon the court jurisdiction to determine the fair amount of a deficiency judgment which may be entered and

* See 241 App. Div. 828; 267 N. Y. 618.

to exercise its equitable powers in preventing an injustice or an unconscionable result. (*Monaghan* v. *May*, 242 App. Div. 64. See, also, *Guaranteed Title & Mortgage Co.* v. *Scheffres*, *No. 1*, 247 App. Div. 294.) Both parties have the right to a review before the Special Term of the report of the official referee and the evidence taken before him in determining the respective rights and liabilities of the parties. That course, once undertaken, should have been followed. Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term, where the parties may proceed as advised in respect to the confirmation of the report of the official referee. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.